1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   UNITED SPECIALTY INSURANCE
    COMPANY, a Delaware corporation,

10                        Plaintiff,

11          v.

12  SHOT SHAKERS, INC. d/b/a Roosevelt Ale
13  House, a Washington corporation, SCOTT
    SIMPSON, a Washington resident, MICHELLE
14  SIMPSON, a Washington resident, and
    JACKMAN COMMERCIAL BUILDING
15  L.L.C., a Washington limited liability company,

16                        Defendants.

NO.

**PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT AND
RESCISSION OF INSURANCE
CONTRACT**

28 U.S.C. §1332

17
18                          **I.      PARTIES**

19          1.      Plaintiff United Specialty Insurance Company (hereinafter "United Specialty")

20  is a Delaware corporation with its principal place of business in Texas.

21          2.      Defendant Shot Shakers, Inc., d/b/a Roosevelt Ale House (hereinafter "Shot

22  Shakers") is a Washington corporation.

23          3.      Defendants Scott Simpson and Michelle Simpson are a married couple, and both

24  reside in King County, Washington.

25

PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND
RESCISSION OF INSURANCE CONTRACT - 1

6403837.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

4.     Upon information and belief, Defendants Scott Simpson and Michelle Simpson are co-owners of Shot Shakers.

5.     Upon information and belief, Defendant Jackman Commercial Building, L.L.C. (hereinafter "Jackman") is the owner of the building where the loss described below occurred and leases the building to Shot Shakers.

## II.     VENUE AND JURISDICTION

6.     The U.S. District Court in the Western District of Washington has jurisdiction pursuant to 28 U.S.C. §1332.  There is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

7.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as a substantial part of the events giving rise to the claim occurred in King County, Washington.

## III.     FACTS

**A.     The Insurance Policy**

8.     United Specialty issued a Commercial Lines Policy No. USA 4131292 to Shot Shakers with effective dates of July 4, 2017 to July 4, 2018 (hereinafter the "Policy"). Attached hereto as **Exhibit A** is a copy of the Policy.

9.     Pursuant to the Policy's terms and conditions, the Policy provides certain commercial property coverage to Shot Shakers for the Roosevelt Ale House located at 8824 Roosevelt Way NE Seattle WA 98115 (hereinafter the "Property").

10.     The Policy contains form CP 00 10 10 12, which includes following relevant policy language:

### BUILDING AND PERSONAL PROPERTY

Various provisions in this policy restrict coverage.  Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy, the words "you" and "your" refer to the Named Insured shown in the Declarations.  The words "we", "us" and "our" refer to the company providing this insurance.

PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND
RESCISSION OF INSURANCE CONTRACT - 2

6403837.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Other words and phrases that appear in quotation marks have special meaning. Refer to Section H. Definitions.

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1. Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this section, A.1., and limited in A.2. Property Not Covered, if a Limit Of Insurance is shown in the Declarations for that type of property.

\* \* \*

**B. Exclusions And Limitations**

See applicable Causes Of Loss form as shown in the Declarations.

**C. Limits Of Insurance**

The most we will pay for loss or damage in any one occurrence is the applicable Limit Of Insurance shown in the Declarations.

\* \* \*

11.     The Policy contains form Endorsement, CP 00 90 07 88, which provides, in relevant part, as follows:

**COMMERCIAL PROPERTY CONDITIONS**

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

**A. CONCEALMENT, MISREPRESENTATION OR FRAUD**

This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1. This Coverage Part;

2. The Covered Property;

3. Your interest in the Covered Property; or

PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND
RESCISSION OF INSURANCE CONTRACT - 3

6403837.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    4. A claim under this Coverage Part.

2                              * * *

3    12.    The Policy contains form Endorsement, IL 04 15 04 98, which provides as

4    follows:

5        **THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ**
         **IT CAREFULLY.**

6

7                    **PROTECTIVE SAFEGUARDS**

8    This endorsement modifies insurance provided under the following:

9    COMMERCIAL PROPERTY COVERAGE PART

10   FARM COVERAGE PART

11                        **SCHEDULE**

12

| Perm. No. | Build. No. | Protective Safeguards Symbols Applicable |
|---|---|---|
| 1 | 1 | P-9 |
| **Describe any "P-9":** Fully functional and actively engaged fire extinguishing system over the entire cooking area with an automatic shut off for the heat source with a semi annual service contract | | |
| | | |

17   **A.** The following is added to the:

18       Commercial Property Conditions

19       General Conditions in the Farm Property — Other Farm Provisions
         Form — Additional Coverages, Conditions, Definitions

20       General Conditions in the Mobile Agricultural Machinery and
         Equipment Coverage Form

21       General Conditions in the Livestock Coverage Form

22

23   **PROTECTIVE SAFEGUARDS**

24   **1.**  As a condition of this insurance, you are required to maintain the
         protective devices or services listed in the Schedule above.

25   **2.**  The protective safeguards to which this endorsement applies are
         identified by the following symbols:

PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND
RESCISSION OF INSURANCE CONTRACT - 4

* * *

**"P-9"** The protective system described in the Schedule.

**B.** The following is added to the EXCLUSIONS section of:

      CAUSES OF LOSS — BASIC FORM

      CAUSES OF LOSS — BROAD FORM

      CAUSES OF LOSS — SPECIAL FORM

      MORTGAGE HOLDERS ERRORS AND

      OMISSIONS COVERAGE FORM

      STANDARD PROPERTY POLICY

      CAUSES OF LOSS FORM — FARM PROPERTY

      MOBILE AGRICULTURAL MACHINERY AND EQUIPMENT
      COVERAGE FORM

      LIVESTOCK COVERAGE FORM

We will not pay for loss or damage caused by or resulting from fire if, prior to the fire, you:

  **1.** Knew of any suspension or impairment in any protective safeguard listed in the Schedule above and failed to notify us of that fact; or

  **2.** Failed to maintain any protective safeguard listed in the Schedule above, and over which you had control, in complete working order.

If part of an Automatic Sprinkler System is shut off due to breakage, leakage, freezing conditions or opening of sprinkler heads, notification to us will not be necessary if you can restore full protection within 48 hours.

13.    Other language from the Policy may apply, and United Specialty reserves its rights to supplement and/or amend its Complaint, as permitted by law.

**B.**    **Shot Shaker's Insurance Application**

14.    The Property is owned by Jackman.

15.    Shot Shakers leases the Property from Jackman.

PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND
RESCISSION OF INSURANCE CONTRACT - 5

6403837.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

16.     Shot Shakers submitted a signed written application for insurance (hereinafter "Application") when it purchased the Policy.   Attached as **Exhibit B** is a copy of the Application.

17.     In the Application, Shot Shakers answered a series of questions about its business and the Property.

18.     Specifically, Shot Shakers made the following representations to United Specialty:

a.  Is there a semi-annual (or more frequent) service contract on the automatic extinguishing system? **Yes**

b.  Are hoods and ducts equipped with filters? **Yes**

c.  Are filters cleaned at least every 6 months? **Yes**

d.  Are hoods and ducts cleaned every 6 months or more frequently? **Yes**

e.  Are there any uncorrected fire code violations? **No**

**C.     The Fire**

19.     At approximately 2:45 a.m. on the morning of December 16, 2017, a fire occurred in the kitchen at Shot Shakers.

20.     United Specialty's subsequent investigation revealed that fire started when a burner on a broiler/grill appliance was left on after Shot Shakers closed for the night.

21.     The heat from the hot burner ignited the excessive amount of grease built up within the kitchen exhaust hood.

22.     The liquefaction of the accumulated grease within the hood baffle filters and within the hood grease trough dripped onto the broiler and flat griddle and ignited.

23.     The hood fire suppression system activated, though the grease overwhelmed the system and continued to burn.

PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND
RESCISSION OF INSURANCE CONTRACT - 6

6403837.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

24.     Heat, soot, and smoke traveled throughout the remaining areas of the Property and caused damage to various furnishings, stock, and storage.

25.     United Specialty's subsequent investigation revealed that the fire suppression system did not provide protection to the appliance where the fire originated because the fire suppression system was not properly configured for the appliances in the cookline.

26.     As a result, the fire suppression system failed to control the fire.

27.     United Specialty's subsequent investigation also revealed that grease deposits in the appliances, hood and ductwork were far in excess of code-recommended maximums.

28.     It was determined that grease deposits in the hood and ductwork were several times greater than the recommended limit of 0.078 inches contained in the National Fire Protection Association (hereinafter "NFPA") code section 96.

29.     United Specialty's subsequent investigation also revealed various code violations regarding the fire suppression system.

30.     As part of its investigation, United Specialty requested that Shot Shakers provide records of repairs, maintenance, service and cleaning of the kitchen equipment, including the fire extinguishing system and ventilation system.

31.     Shot Shakers produced invoices from AAA Fire & Safety, Inc. (hereinafter "AAA") showing that the fire suppression system was serviced on March 12, 2015, and that deficiencies were noted in the fire suppression system in that all nozzles were not properly positioned and all cooking appliances did not have the required number and/or type of nozzles to provide adequate fire protection.  Attached as **Exhibit C** is a copy of the AAA report dated March 12, 2015.

32.     The next inspection by AAA was performed on March 25, 2016, in which AAA noted the same deficiencies in the fire suppression system as the March 12, 2015 report. Attached as **Exhibit D** is a copy of the AAA report dated March 25, 2016.

PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND RESCISSION OF INSURANCE CONTRACT - 7

6403837.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

33.    The next inspection by AAA, and the last inspection prior to the fire, was performed on January 6, 2017.  Attached as **Exhibit E** is a copy of the AAA report dated January 6, 2017.

34.    Similar to the two prior AAA reports, the report dated January 6, 2017 notes the same deficiencies in the fire suppression system in that all nozzles were not properly positioned and all cooking appliances did not have the required number and/or type of nozzles to provide adequate fire protection.

35.    After the fire, Shot Shakers provided kitchen exhaust cleaning records from Northwest Kitchen Exhaust to United Specialty, which showed that the exhaust system was cleaned on the following dates:  April 2, 2015; November 12, 2015; July 28, 2016; January 19, 2017; and May 17, 2017.  Attached as **Exhibit F** is a copy of the Northwest Kitchen Exhaust cleaning reports.

36.    Prior to the December 16, 2017 fire, the kitchen exhaust system had not been cleaned since May 17, 2017.

37.    Upon information and belief, Northwest Kitchen Exhaust attempted to schedule a cleaning of the exhaust system at the Property in September 2017, but was unable to reach the owners of Shot Shakers, and as a result, no cleaning had been scheduled prior to the December 16, 2017 fire.

### IV.    FIRST CAUSE OF ACTION:<br>DECLARATORY JUDGMENT – PROTECTIVE SAFEGUARDS ENDORSEMENT

38.    United Specialty realleges each of the allegations contained in Paragraphs 1 through 37 as if fully set forth herein.

39.    The Policy contains a "Protective Safeguards" Endorsement that requires a "fully functional and actively engaged fire extinguishing system over the entire cooking area with an automatic shut off for the heat source with a semi annual service contract."

PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND
RESCISSION OF INSURANCE CONTRACT - 8

6403837.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

40.     This Endorsement provides that United Specialty owes no obligation to pay for loss or damage caused by or resulting from fire if, prior to the fire, Shot Shakers "[k]new of any suspension or impairment in any protective safeguard listed in the Schedule above and failed to notify [United Specialty] of that fact; or [f]ailed to maintain any protective safeguard listed in the Schedule above, and over which [Shot Shakers] had control, in complete working order."

41.     United Specialty's subsequent investigation revealed that the fire suppression system did not provide protection to the appliance where the fire originated; grease deposits in the appliances, hood and ductwork were far in excess of code-recommended maximums; and there were code violations involving the fire suppression system.

42.     Since March 12, 2015, Shot Shakers knew from the AAA reports that the fire suppression system at the Property contained impairments in that all nozzles were not properly positioned and all cooking appliances did not have the required number and/or type of nozzles to provide adequate fire protection.

43.     Prior to the December 16, 2017 fire, Shot Shakers took no action to remedy the impairments in the fire suppression system.

44.     Prior to the December 16, 2017 fire, Shot Shakers never notified United Specialty of such impairments to the fire suppression system.

45.     Because Shot Shakers knew about the impairments in the fire suppression system, yet never took any action to fix these impairments, and never notified United Specialty of such impairments, United Specialty owes no obligation to provide coverage for damage caused by the December 16, 2017 fire.

46.     A justiciable controversy exists between United Specialty and Shot Shakers with respect to their duties and obligations under the Policy.

PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND
RESCISSION OF INSURANCE CONTRACT - 9

6403837.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

47.     As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## V.     SECOND CAUSE OF ACTION:
## DECLARATORY JUDGEMENT – CONCEALMENT/ MISREPRESENTATION

48.     United Specialty realleges each of the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.

49.     The Policy contains, as a condition of coverage, a provision that voids the policy if Shot Shakers intentionally conceals or misrepresents a material fact concerning the coverage afforded under the Policy or the Property.

50.     In the Application, Shot Shakers intentionally made the following statements to United Specialty:

a.  Is there a semi-annual (or more frequent) service contract on the automatic extinguishing system?  **Yes**

b.  Are hoods and ducts equipped with filters?  **Yes**

c.  Are filters cleaned at least every 6 months?  **Yes**

d.  Are hoods and ducts cleaned every 6 months or more frequently?  **Yes**

e.  Are there any uncorrected fire code violations?  **No**

51.     Based on United Specialty's investigation, and the documents provided by Shot Shakers as part of this investigation, one or more of the above statements made by Shot Shakers in the Application is untrue.

52.     The above statements are material to the coverage provided by the Policy and the Property because they pertain to the likelihood that a fire caused by excessive grease in the kitchen could occur at the Property, as well as the ability of the fire suppression system to control a kitchen fire if one ever occurred at the Property.

PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND
RESCISSION OF INSURANCE CONTRACT - 10

6403837.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

53.     As a result, United Specialty seeks declaratory judgment that the Policy is void based on the above-referenced condition contained in the Policy.

54.     A justiciable controversy exists between United Specialty and Shot Shakers with respect to their duties and obligations under the Policy.

55.     As a result, a declaratory judgment by the Court is necessary to resolve the controversy between the parties.

## VI.     THIRD CAUSE OF ACTION: RESCISSION OF THE INSURANCE CONTRACT

56.     United Specialty realleges each of the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57.     Shot Shakers made material misrepresentations in the Application pertaining to the fire suppression system and the cleaning of the kitchen equipment at the Property.

58.     United Specialty reasonably relied on such misrepresentations to its detriment as these misrepresentations influenced United Specialty's decision to issue the Policy to Shot Shakers.

59.     As a result of Shot Shaker's material misrepresentations, United Specialty seeks rescission of the Policy.

## VII.     PRAYER FOR RELIEF

Plaintiff United Specialty Insurance Company prays for the following relief:

1.     Declaratory judgment for United Specialty that it owes no obligation to provide coverage for damage to the Property caused by the December 16, 2017 fire;

2.     Rescission of the Policy based on Shot Shaker's material misrepresentations in the Application for the Policy;

3.     Reasonable attorney fees and costs allowed by statute and law;

4.     All interest allowed by law; and

PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND RESCISSION OF INSURANCE CONTRACT - 11

6403837.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5.      Such other and further relief as the Court deems just and equitable.

DATED this 24th day of April, 2018.

WILLIAMS, KASTNER & GIBBS PLLC

*s/ Eliot M. Harris*
Eliot M. Harris, WSBA #36590
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone: (206) 628-6600
Fax:    (206) 628-6611
Email: eharris@williamskastner.com

Attorneys for Plaintiff United Specialty Insurance
Company

PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND
RESCISSION OF INSURANCE CONTRACT - 12

6403837.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600